**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-2057**

———————————

CHRISTEL JOHNSON,

        Plaintiff - Appellant,

    v.

NAVY FEDERAL CREDIT UNION,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:23-cv-00794-MSN-JFA)

———————————

Submitted:  August 21, 2025                    Decided:  August 25, 2025

———————————

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Thomas F. Hennessy, THE HENNESSY LAW FIRM, PLLC, Fairfax, Virginia, for Appellant.  Edward Lee Isler, Micah E. Ticatch, ISLER DARE, P.C., Vienna, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christel Johnson, an African-American woman, appeals the district court's order granting Employer's motion to dismiss for failure to state a claim Johnson's 42 U.S.C. § 1981 amended complaint, in which she alleged disparate treatment based on her race. On appeal, Johnson argues that the district court erred in finding that she failed to sufficiently allege an actionable adverse employment action and an inference of unlawful discrimination based on race. We affirm.

We review an order granting a Fed. R. Civ. P. 12(b)(6) motion de novo. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). "In conducting such a review, we are obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff[]." *Id.* "However, legal conclusions pleaded as factual allegations, unwarranted inferences, unreasonable conclusions, and naked assertions devoid of further factual enhancement are not entitled to the presumption of truth." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a prima facie case of disparate treatment under 42 U.S.C. § 1981, a plaintiff must show that she (1) is a member of "a protected class"; (2) satisfactorily

performed her work; (3) suffered an "adverse employment action"; and (4) was treated differently "from similarly situated employees outside the protected class*." Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). For purposes of a disparate treatment discrimination claim, an "adverse employment action" is one that "adversely affects the terms, conditions or benefits of employment." *Id.* As the Supreme Court recently explained, "[t]he 'terms or conditions' phrase . . . is not used in the narrow contractual sense; it covers more than the economic or tangible." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (citation modified). We conclude that the district court properly found that Johnson did not plead sufficient facts to establish that she suffered an actionable adverse employment action. We further conclude that the district court properly found that Johnson did not sufficiently allege facts that gave rise to an inference of discrimination based on her race. *See Tabb v. Bd. of Educ. of Durham Pub. Schs.*, 29 F.4th 148, 156 (4th Cir. 2022) (upholding district court's finding that plaintiff failed to adequately plead "race-based employment discrimination" in part because, although plaintiff identified a comparator in her complaint, she failed to include facts supporting an inference that the comparator was similarly situated).

We have reviewed the record and the transcript of the hearing and find no reversible error. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*